## Second Department, July, 1981
### (July 6, 1981)*
(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMINO ESTRADA, Appellant. — Appeal by defendant from a judgment of the Supreme

---

* Originally published with decisions of July 6, 1981, 83 AD2d 564. [Rep.

Court, Kings County (Donnelly, J.), rendered July 21, 1977, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was accused of raping and sodomizing a girl with whom he had a friendly street acquaintance. The complainant testified that the attack came suddenly following a passing encounter with the defendant as she was returning home from an errand. Defendant took the witness stand on his own behalf and testified that he had actually stopped and spoken with the complainant two hours earlier than she claimed they had met, that he was angry with her and that he had grabbed her and threatened her. He denied sexually assaulting her in any way. Though the complainant's parents and relatives testified that she was very agitated when she returned home after the alleged assault, there were many aspects of their combined testimony and that of the complainant which cause us to have serious doubts as to the validity of complainant's accusations and lend some credence to the defendant's version of the day's events. During her cross-examination of the defendant, the prosecutrix spent an inordinate amount of time adducing information from him as to his use of drugs over the years and with regard to his several drug-related arrests and convictions. In addition, in her summation, the prosecutrix improperly characterized the defendant and his defense testimony in a manner which was irrelevant to this case, as well as making further reference to his drug use. We deem the People's case against this defendant to be tenuous in that it is permeated with inconsistencies and factual averments which we think are not borne out by reality. Nevertheless, we cannot say that defendant's guilt was not proven beyond a reasonable doubt as a matter of law. We think, however, that the prosecutrix' overzealousness may very well have countervailed the jurors' consideration of the relevant testimony vis-à-vis defendant's guilt with tangential and collateral issues to defendant's prejudice. Accordingly, a new trial is required. Hopkins, J. P., Titone, Rabin and Margett, JJ., concur.